Fox Point Chemical Company *et al. vs.*
James B. Pacheco.

JUNE 2, 1960.

Present: Condon, C. J., Roberts, Paolino, Powers and Frost, JJ.

CONDON, C. J. This is a petition for review of a preliminary agreement for total disability compensation. The case is here on the respondent's appeal from a decree of the workmen's compensation commission granting the petition and suspending compensation. The decree is based on a finding therein "that the respondent's incapacity for work on account of the effects of the injuries set out in the preliminary agreement has now ended." The respondent contends that there is no legal evidence to support such finding.

It appears from the preliminary agreement that respondent was injured at his employment on May 12, 1958 when a tractor tipped over causing a *strain of his left wrist, left hip and lumbosacral area.* Some time thereafter, on January 19, 1959, he was thereby totally incapacitated for his regular work as a tractor driver and was awarded total compensation of $32 per week. On August 12, 1959 petitioners filed the instant petition for review alleging therein that such incapacity had ended or diminished and praying

that their liability to pay further compensation be discontinued or modified.

After his injury petitioner was treated by an orthopedist, Dr. Stanley D. Simon, from August 19, 1958 to August 3, 1959. On the advice of Dr. Simon he was given a general neurological examination by Dr. David J. Fish on August 31, 1959. He was similarly examined by Dr. Thomas L. Greason on May 16, 1959. On March 19, 1959 he was given an orthopedic examination by Dr. O. D. Cinquegrana and on September 8, 1959 a like examination by Dr. Donald F. Larkin. The result of each examination is set out in a written medical report of the examining physician and such reports were received in evidence without objection. The only other evidence was the testimony of respondent.

In his report of August 3, 1959 Dr. Simon stated, "It is my considered opinion that this patient has a marked disturbance to his illness. I have again recommended that he be seen in psychiatric consultation. I have advised that he be seen by Dr. Fish as I do not believe that the major difficulties at this time are orthopedic in nature."

On August 31, 1959 Dr. Fish reported that the "neurological examination was essentially negative" but stated further, "There is no question in my mind that this man has a tremendous amount of emotional overlay but I do not feel that he would respond to psychotherapy at this time."

In his report of May 16, 1959 Dr. Greason stated that respondent had "sustained an irritation of the posterior nerve roots particularly in the region of the lower lumbar and upper sacral areas." But he concluded, "At the present time he is not disabled and I do not know of any specific therapy which would remove his residual symptomatic discomfort."

Doctor Larkin reported that respondent had a chronic low back strain and a bursitis in his right shoulder. He expressed the opinion that he was incapable of "perform-

ing manual labor or driving heavy equipment" but could do light work that did not require heavy lifting or bending. He also stated that the physical findings and respondent's symptoms could be due to the accident.

The respondent testified that he was unable to do his regular work and also disagreed with Dr. Larkin as to his ability to do light work. He further testified that he did not know Dr. Greason had reported that he was not disabled.

It is apparent from this evidence that there is a clear conflict as to whether respondent either orthopedically or psychiatrically is still incapacitated from doing his regular work or any other work of a light nature. The trial commissioner expressly stated that he did not believe respondent. He also relied on the evidence of Dr. Simon and Dr. Greason and especially on the opinion of the latter that respondent was no longer disabled.

In reviewing the case on the record the full commission expressly approved these findings. In their decision they pointed out that the trial commissioner was in a more advantageous position than they were to pass upon respondent's credibility and therefore approved his decision on that ground. They also stated therein that they agreed with his conclusion that the weight of the evidence preponderated in favor of the finding that respondent's incapacity for work on account of the effects of the injuries set out in the agreement has now ended.

From our examination of the evidence it appears that respondent may be suffering from residual effects of his injuries of a psychoneurotic nature which, aside from his recovery orthopedically, may conceivably be incapacitating him. However, in the instant proceeding we are only concerned with whether there was any evidence before the commission on which they could base a finding that the *specific injuries set out in the agreement* are no longer disabling. In our opinion there is such evidence, as the above

summary of the medical reports clearly shows. The fact that there is a conflict therein is of no consequence on review here. It is well established that the commission's findings of fact on such evidence are final and conclusive and cannot be disturbed by this court. *Trotta* v. *Brown & Sharpe Mfg. Co.*, 86 R. I. 247, 134 A.2d 173.

The respondent's appeal is denied and dismissed, the decree appealed from is affirmed, and the cause is remanded to the workmen's compensation commission for further proceedings.

*Hinckley, Allen, Salisbury & Parsons, Thomas J. Hogan,* for petitioners.

*John Quattrocchi, Jr.,* for respondent.